## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION


ALBERTO FILIMON EVERITT BLANCO,

      Petitioner,

-vs-                                   Case No.  8:13-cv-1080-T-30MAP
                                                    8:10-cr-100-T-30MAP

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

      This Cause is before the Court upon Petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (CV Dkt. 1).  Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the

_____

[1]Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Circ. 1981) (*en banc*).

motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

After a preliminary review, the Court concludes that the petition should be dismissed.

## Background

On March 10, 2010, Petitioner was arraigned on a grand jury indictment charging him with two counts:

1.    conspiracy to possess with intent to distribute; and

2.    possession with intent to distribute, and aiding and abetting others to possess with intent to distribute,

five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, "while aboard a vessel subject to the jurisdiction of the United States." (CR Dkt.1).

On July 15, 2010, the government filed a motion for a pre-trial determination of jurisdiction.  In its motion, the government asserted that the Petitioner's vessel could be considered "without nationality" and therefore subject to its jurisdiction,[2] despite Petitioner's unconfirmed claim of Honduran nationality for the vessel.[3]  The government also attached

---

[2] *See* 46 U.S.C. § 70502(c)(1)(A) (stating that "the term 'vessel subject to the jurisdiction of the United States' includes . . . a vessel without nationality").

[3] *See id.* § 70502(d)(1)(C) (stating that the term 'vessel without nationality' includes . . . a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality")

certification by the Secretary of State's designee. (CR Dkt. 82).  The designee certified that "[o]n or about March 4, 2010, U.S. law enforcement personnel located and interdicted, approximately 30 nautical miles northwest of Panama, in international waters . . . [the Petitioner's] vessel." (CR Dkt. 82, Ex. 1).  This Court never decided the issue of the vessel's nationality because Petitioner, in the "Facts" section of his Plea Agreement, agreed that he was "on board a vessel subject to the jurisdiction of the United States . . . in international waters approximately 30 nautical miles North West of Panama." (CV Dkt. 51, 14-15).  The government's motion for a pre-trial determination of jurisdiction was terminated prior to sentencing.  Petitioner pled guilty as charged to count one (1). (CR Dkt. 51).

At sentencing, this Court granted the government's motion to dismiss count two (2) of the indictment, and sentenced Petitioner to ninety-seven (97) months of imprisonment, to be followed by five (5) years of supervised release. (CR Dkt. 129).  This Court entered judgment of conviction on count one (1) on November 16, 2010. (CR Dkt. 131).  At sentencing, this Court also informed Petitioner of his right to appeal:

> THE COURT: To the extent permitted by your plea agreement, you have the right of appeal from the judgment and sentence within 14 days from today. Failure to appeal within the 14-day period will be a waiver of your right to appeal.
> You should have in front of you a form entitled "Declaration of Intent to Appeal." That form states whether you do or do not wish to file an appeal. I direct you to complete the form and mail it in to the Clerk's office at the end of the 14-day appeal period. The Clerk's address is at the bottom of the form.
> If you do not return the form, I will accept that as an acknowledgment that you do not wish to file an appeal and that that was an informed and voluntary choice on your part. Do you understand?
> THE DEFENDANT: (through interpreter) Yes.

(CR Dkt 329).  Petitioner did not return the form.

On February 19, 2013, Petitioner filed a motion to dismiss the indictment or in the alternative for a hearing. (CR Dkt. 307).   On March 11, 2013, this Court dismissed Petitioner's motion to dismiss for lack of jurisdiction. (CR Dkt. 308).   On April 3, 2013, Petitioner filed a motion for reconsideration of the Court's denial of his motion to dismiss. (CR Dkt. 312).  On April 8, 2013, this Court reconsidered its order, found no sufficient predicate to justify amendment of the order, and declined to amend it in any respect. (CR Dkt. 314).

On April 22, 2013, Petitioner filed the instant motion to vacate  set aside, or correct sentence, (CR Dkt. 316; CV Dkt. 1), claiming that:

1.    the court lacks jurisdiction to adjudicate his case because he was arrested in the territorial waters of Panama;

2.    trial counsel was ineffective for failing to bring an as-applied challenge to the Maritime Drug Law Enforcement Act; and

3.    trial counsel was ineffective for failing to consult with petitioner about a direct appeal.

(CV Dkt. 1, 9-10).  Petitioner requests that this Court vacate his conviction.  Alternatively, Petitioner requests that this Court certify the following issues for appeal:

1.    "Whether the Eleventh Circuit decision in *Bellaizac-Hurtado* applies to the 200-mile radius contained in the Exclusive Economic Zone of a foreign nation."

2.  "Whether Petitioner's § 2255 motion is timely or whether the petition should be equitable [sic] tolled due to the structural nature of the jurisdictional error."

(CV Dkt. 1, 11).

## Timeliness

The Anti-Terrorism and Effective Death Penalty Act creates a limitation period for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of the conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Because his conviction was final on November 30, 2010,[4] Petitioner's limitation period expired one year later, on November 30, 2011. Petitioner filed the instant motion to vacate in April 2013. Therefore, Petitioner's motion to vacate is not timely under Section 2255(f)(1).

Petitioner argues that the 1-year period of limitation does not expire until January 2014 under Section 2255(f)(4) ("The limitation period shall run from the latest of . . . the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence."). Petitioner supports his argument by asserting that "Petitioner became aware in January 2013 of the place where he was captured, that is, on a territorial sea

---

[4] Petitioner's judgment of conviction was entered on November 16, 2010 (CR. Dkt. 131). Because no appeal was filed, the judgment of conviction became final 14 days after the entry of judgment. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (holding that a conviction that is not appealed becomes final when the time allotted for filing an appeal expires).

of a foreign country, Petitioner became aware when he filed a Freedom of Information ('FOIA') request to the United States Coast Guard ('USCG')." (CV Dkt. 1, 2).

First, Petitioner does not explain why he was not aware of his approximate location at the time of his arrest.  Second, Petitioner does not explain why he could not have discovered the location of his arrest through the exercise of due diligence until January 2013. Finally, Petitioner was aware of his approximate arrest location prior to January 2013, as evidenced by his admission in his plea agreement that he was arrested 30 nautical miles northwest of Panama. (CR Dkt. 51, 15).  Therefore, Petitioner's alleged discovery of the location of his arrest in January 2013 does not qualify as a "date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence" under § 2255(f)(4).  Petitioner's limitation period expired on November 30, 2011.

Petitioner alternatively argues that this Court should equitably toll the limitations period. (Dkt. 1, 2).  "[T]he timeliness provision in the federal habeas statute is subject to equitable tolling." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in has way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990)) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.").  Petitioner has not presented any argument

to establish that he is actually innocent of the crime charged or that extraordinary circumstances prevented him from timely filing his motion to vacate.  Therefore, Petitioner is not entitled to equitable tolling of the limitations period, and this Court must dismiss his motion as time-barred.

## Discussion

Even if the petition were not time-barred, it would fail for lack of merit.  Petitioner's underlying claims rely on *Bellaizac-Hurtado*, which does not apply to his case.  In *Bellaizac-Hurtado*, the Eleventh Circuit ruled that the Maritime Drug Law Enforcement Act, 46 U.S.C. § 7053(a), *et. seq.*, was unconstitutional as applied to the drug-trafficking activities of the defendants in that case, which occurred in the territorial waters of Panama. 700 F.3d 1245, 1258.  The Eleventh Circuit held that "Congress exceeded its power, under the Offences Clause [of the U.S. Constitution] when it proscribed the defendants' [drug trafficking] conduct in the territorial waters of Panama." *Id.*  In *McPhee*, the Eleventh Circuit stated that "[t]he United  States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts." 336 F.3d 1269, 1273.

In his Plea Agreement, Petitioner admitted that his arrest location was in international waters. (CR Dkt. 51, Plea Agreement, 15). In the instant motion, Petitioner argues that this admission should not preclude him from asserting that he was arrested in the territorial waters of Panama. (CV Dkt. 1, 3-4). Petitioner cites *Blackledge v. Allison*, 431 U.S. 63, 75 (1977) ("In administering the writ of habeas corpus and its § 2255 counterpart, the federal courts cannot fairly adopt a per se rule excluding the possibility that a defendant's

representations at the time his guilty plea was accepted were so much the product of such factors as misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment."), but does not provide any evidence that his guilty plea was a product of misunderstanding, duress, or misrepresentation by others.

As stated in the "Facts" section of Petitioner's plea agreement, (CR Dkt. 51, 15) and in the Secretary of State's certification attached to the government's motion for pre-trial determination of jurisdiction, (CR Dkt. 82, Ex. 1), Petitioner's arrest location was approximately 30 nautical miles northwest of Panama.  This places the Petitioner in international waters at the time of his arrest. *See McPhee*, 336 F.3d at 1273 ("The United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts.").  Petitioner argues that territorial waters extend 200 nautical miles beyond a coastal state. (CV Dkt. 1, 7-8).  For support, Petitioner cites the United Nations Convention on the Law of the Sea (UNCLOS), arts. 1, 2, 3, 55-57, 58(1), 76-77, 86, Dec. 10, 1982, 1883 U.N.T.S. 397.[5]

Article 2 of UNCLOS states that "[e]very state has the right to establish the breadth of its territorial sea up to a limit not exceeding 12 nautical miles, measured from baselines determined in accordance with this Convention."  Article 55 states that "[t]he exclusive economic zone is an area beyond and adjacent to the territorial sea."  Article 57 states that

---

[5]Available at http://www.un.org/Depts/los/convention_agreements/convention_ overview_convention.htm.

"[t]he exclusive economic zone shall not extend beyond 200 nautical miles from the baselines from which the breadth of the territorial sea is measured."

Petitioner asserts that this Court should consider the 200-nautical-mile exclusive economic zone (EEZ) as territorial waters and apply *Bellaizac-Hurtado*.  Petitioner states that "UNCLOS considers the 'EEZ' part of the territorial waters of a state." (CV Dkt. 1, 7).  This misinterprets UNCLOS, which defines the EEZ as "an area *beyond and adjacent to* the territorial sea." UNCLOS, art. 55, Dec. 10 1982, 1883 U.N.T.S. 397 (emphasis added).  Petitioner does not cite any authority to explain why a Court in this circuit is not required to follow Eleventh Circuit precedent in *McPhee* and apply the 12-nautical-mile definition of territorial waters.

Petitioner's second claim, that trial counsel was ineffective for failing to bring an as-applied challenge to the Maritime Drug Law Enforcement Act, does not have merit because this challenge has no legal support.  Petitioner cites *Gordon v. United States*, 518 F.3d 1291 (11th Cir. 2008), which states that "[t]o prevail on a claim of ineffective assistance, a defendant must establish two things: (1) 'counsel's performance was deficient,' meaning it 'fell below an objective standard of reasonableness'; and (2) 'the deficient performance prejudiced the defendant.'" *Id.* at 1297 (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).  Counsel's decision not to bring an as-applied challenge did not fall below an objective standard of reasonableness because the challenge had no legal merit.

Petitioner's third claim, that trial counsel was ineffective for failing to consult with petitioner about a direct appeal, does not have merit because Petitioner has not alleged facts

sufficient to establish ineffectiveness.  Petitioner cites *Thompson v. United States*, 504 F.3d

1203 (11th Cir. 2007), which states that "[c]ounsel has a constitutional duty to consult with

a defendant about an appeal when: (1) any rational defendant would want to appeal; or (2)

the defendant reasonably demonstrated an interest in appealing." *Id.* at 1207.  First, Petitioner

did not explain why a rational defendant would want to appeal a  sentence consistent with

the government's recommendations that petitioner bargained for in his plea agreement.

Second, Petitioner does not claim that he demonstrated an interest in appealing in November

2012.  In fact, he was instructed at sentencing to declare any interest in appealing by filing

the "Declaration of Intent to Appeal" form.  He chose not to file it.  As explained in Court,

Petitioner's failure to submit his "Declaration of Intent to Appeal" is accepted as an informed

and voluntary choice not to appeal.  (CR Dkt. 329).

### Denial of Certificate of Appealability

Petitioner is not entitled to a certificate of appealability (COA).  A prisoner seeking

a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his

petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section

2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of

the denial of a constitutional right."  To merit a COA, Petitioner must show that reasonable

jurists would find debatable both (1) the merits of the underlying claims and (2) the

procedural issues he seeks to raise. *See* 28 U.S.C. 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  Petitioner has not

made this showing.

Accordingly, the Court **ORDERS** that:

1.      The motion to vacate under 28 U.S.C. § 2255 is **DISMISSED**.

2.      The **Clerk** is directed to close this case.

3.      A certificate of appealability is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 23, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cv-1080 Blanco 2255 Order.wpd